IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOBY TITUS WADE,

    Petitioner,                      No. 2: 12-cv-2967 JFM P

    vs.

JACK HARTLEY,

    Respondent.                   ORDER

_____

        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Petitioner has consented to have a United States Magistrate Judge conduct all further proceedings in this case pursuant to 28 U.S.C. § 636(c)(1).

        Petitioner was convicted of second degree murder and sentenced to fifteen years to life imprisonment in 1994. Petitioner does not challenge the conviction. Instead, petitioner challenges the $5,000 restitution fine imposed with his conviction. Specifically, petitioner claims as follows: (1) imposing restitution violated his due process rights; (2) there was not

1

substantial evidence in the record to support a restitution amount of $5,000; (3) there was no economic loss to support the amount of restitution ordered; and (4) the state court abused its discretion by failing to make a clear statement of the calculation method used in determining the amount of restitution.

Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court. For the reasons set forth below, the petition will be dismissed.

## I.  SCREENING

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. See 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)"). It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the

2

    state court correctly identifies the governing legal principle from
our decisions but unreasonably applies it to the facts of the
particular case. The focus of the latter inquiry is on whether the
state court's application of clearly established federal law is
objectively unreasonable, and we stressed in <u>Williams</u> [<u>v. Taylor</u>,
529 U.S. 362 (2000)] that an unreasonable application is different
from an incorrect one.

<u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002) (internal citations omitted).

## II. ANALYSIS OF PETITIONER'S CLAIMS

    All of petitioner's claims relate to the imposition of a restitution fine. However, these claims are not cognizable on federal habeas review because they do not challenge the validity or duration of his confinement. See <u>United States v. Thiele</u>, 314 F.3d 399, 401 (9th Cir. 2002) (holding under 28 U.S.C. § 2255 that claims challenging restitution not cognizable on federal habeas review because they are unrelated to validity or duration of confinement); <u>see</u> <u>also</u> <u>Bailey v. Hill</u>, 599 F.3d 976, 984 (9th Cir. 2010) (applying <u>Thiele</u> to § 2254 petition). Thus, the habeas petition will be dismissed.

## III. CONCLUSION

    The habeas petition will be summarily dismissed for the reasons discussed in this order. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in this order, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability will issue.

/////

/////

3

Accordingly, IT IS HEREBY ORDERED that:

1. petitioner's motion to proceed in forma pauperis (Dkt. No. 2.) is GRANTED;
2. this habeas petition is DISMISSED pursuant to Rule 4 of the Rules Governing § 2254 Cases;
3. a certificate of appealability shall not issue; and
4. the Clerk is ordered to close this case.

DATED: January 17, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

14
wade2967.screen